IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND | : | CIVIL ACTION |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| HEALTH AND WELFARE FUND | : | NO. |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| ANNUITY FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| JOB RECOVERY FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| FINISHING TRADES INSTITUTE OF THE | : | |
| MID-ATLANTIC REGION | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| INDUSTRY ADVANCEMENT FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| VACATION FUND | : | |

2980 Southampton-Byberry Road                          :
Philadelphia, PA 19154                                 :
                                                       :
                and                                    :
                                                       :
INTERNATIONAL UNION OF PAINTERS AND                    :
ALLIED TRADES DISTRICT COUNCIL NO. 21                  :
SCHOLARSHIP FUND                                       :
2980 Southampton-Byberry Road                          :
Philadelphia, PA 19154                                 :
                                                       :
                and                                    :
                                                       :
INTERNATIONAL UNION OF PAINTERS AND                    :
ALLIED TRADES DISTRICT COUNCIL NO. 21                  :
JOB ORGANIZATION PROGRAM TRUST FUND                    :
2980 Southampton-Byberry Road                          :
Philadelphia, PA 19154                                 :
                                                       :
                and                                    :
                                                       :
JOSEPH ASHDALE,                                        :
in his official capacity as a Trustee of the           :
International Union of Painters and Allied Trades       :
District Council No. 21 Health and Welfare Fund        :
2980 Southampton-Byberry Road                          :
Philadelphia, PA 19154                                 :
                                                       :
                and                                    :
                                                       :
                                                       :
INTERNATIONAL UNION OF PAINTERS AND                    :
ALLIED TRADES DISTRICT COUNCIL NO. 21                  :
2980 Southampton-Byberry Road                          :
Philadelphia, PA 19154                                 :
                                                       :
                              Plaintiffs,              :
                                                       :
                v.                                     :
                                                       :
BETHEL CONSTRUCTION, LLC                               :
169 West Wyoming Avenue                                :
Philadelphia, PA 19140                                 :
                                                       :
                              Defendant.               :

## COMPLAINT

### The Parties

1.        Plaintiffs International Union of Painters and Allied Trades ("IUPAT") District Council No. 21 ("DC21") Health and Welfare Fund, IUPAT DC21 Annuity Fund, IUPAT DC21 Job Recovery Fund, Finishing Trades Institute of the Mid-Atlantic Region, IUPAT DC21 Industry Advancement Fund, IUPAT DC21 Vacation Fund, IUPAT DC21 Scholarship Fund, and the IUPAT DC21 Job Organization Program Trust Fund (hereafter collectively, "Plaintiffs Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial district.  Plaintiff Funds are due and owing relief being sought from Bethel Construction, LLC as set forth below.

2.        Plaintiff Joseph Ashdale, a trustee of Plaintiff Health and Welfare Fund, acts as a fiduciary on behalf of Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions, and brings this action in such capacity on behalf of all Plaintiff Funds having been so authorized by the Trustees of each of the Plaintiff Funds.

3.        Plaintiff, International Union of Painters and Allied Trades District Council No. 21 (hereafter, "Plaintiff Union"), is an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. §185 with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of Defendant, Bethel Construction, LLC.

4.        Defendant, Bethel Construction, LLC, (hereinafter, "Defendant") is a corporation

doing business at 169 West Wyoming Avenue, Philadelphia, PA 19140.

5.     Defendant is engaged in interstate commerce within the meaning of Section 2(6)

of the LMRA, as amended, 29 U.S.C. §152(6), and has employed members of Plaintiff Union

pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

6.     Defendant is an Employer within the meaning of Section 2(2) of the National

Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185,

and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.

§§1002(5) and 1145.

Jurisdiction & Venue

7.     Jurisdiction of the District Court is invoked pursuant to Section 301 of the

LMRA, as amended, 29 U.S.C. §185, in that the Defendant is an employer within the meaning of

the LMRA, and party to a collective bargaining agreement which forms the basis and substance

of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction

in civil actions that arise out of an Act of Congress regulating commerce.

8.     Jurisdiction of the District Court is invoked pursuant to the provisions of Section

502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29

U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA.  The Eastern

District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C.

§1132(e)(2), because the Plaintiff funds are administered in this judicial district.

**Cause of Action**

**Defendant's Outstanding Obligations Owed to Plaintiffs Pursuant to Sections 502 and 515
of ERISA**

9.     Plaintiffs hereby incorporate the allegations of paragraphs 1 through 8, as if set

forth fully herein.

10.     Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant make certain contributions on a timely basis to Plaintiff Funds and remit certain payments to Plaintiff Union based upon the performance of covered work by its employees who are members of Plaintiff Union. A copy of the Collective Bargaining Agreement, in relevant part, is attached hereto as Exhibit A.

11.     Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports setting forth the hours worked by eligible employees covered under the collective bargaining agreement(s), and to timely remit contributions to Plaintiff Funds, at rates commensurate with those required under the collective bargaining agreement(s), for all hours worked. The collective bargaining agreement(s) further note that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency. A copy of the IUPAT District Council No. 21 Health and Welfare Fund Delinquency Policy by which assessments of interest and liquidated damages are governed is attached hereto as Exhibit B.

12.     Notwithstanding the obligations contained in said collective bargaining agreement(s), Defendant has failed to timely remit the required fringe benefit contributions. Defendant employed workers for whom it failed to timely remit required benefit contributions for the periods of August 2017 through September 2018. As a result of the Defendant's untimeliness in payment of the required benefit contributions owed to the Plaintiffs, a delinquency for the total amount of **$5,561.37**, which is inclusive of liquidated damages in the amount of $5,250.00 and interest in the amount of $311.17, remains owed to the Plaintiffs.

13.     This amount may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed, or additional delinquencies are uncovered, in accordance with the collective bargaining agreement(s).

14.     Further, in accordance with the collective bargaining agreement(s) with Plaintiff Union, Defendant is also required to submit to auditing of its books and records at reasonable intervals for the purpose of determining the accuracy of the contributions made by the Employer to the Plaintiff Funds. See Exhibit A, pages 24 – 25.

15.     On October 8, 2018, the Plaintiff Funds completed, through an independent auditor, an audit of Defendant's payroll records for the contribution periods of May 1, 2017 through September 30, 2018.

16.     As detected by the audit, Defendant employed workers for whom it failed to remit required benefit contributions for the abovementioned audit periods, which has resulted in an additional audit delinquency owed in the amount of **$13,922.69**, which includes audit principal due and owing in the amount of $10,327.76, liquidated damages in the amount of $2,065.55, interest accrued to present in the amount of $606.24, and the cost of audit in the amount of $923.14. A copy of the audit is attached hereto as Exhibit C.

17.     Defendant was notified of these respective delinquencies, but has failed, or refused, to make appropriate and timely payments as required.  A copy of the Notice sent by the Auditor dated October 22, 2018, and a copy of the Notice sent by Plaintiffs' Counsel, dated January 15, 2019, are attached hereto as Exhibits D and E, respectively.

18.     Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

        a.        Judgment in the amount of **$19,484.06**, or such other amounts as may be due and owing when this cause of action reaches judgment, as provided for by Section 502 of ERISA;

        b.        Reasonable counsel fees, interest to run at rate of 7%, and costs of suit, as provided for by Section 502 of ERISA;

        c.        Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

        d.        Other relief as the Court deems just and proper.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: _____

SYRETTA J. MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: February 20, 2019

# COLLECTIVE BARGAINING
# AGREEMENTS

Between

**District Council No. 21
International Union of Painters
and Allied Trades AFL-CIO-CLC**

and the

**Associated Master Painters and Decorators Inc. of Philadelphia and
Vicinity**

and the

**Interior Finish Contractors Association of Delaware Valley**

and the

**Architectural Glass and Metal Association of Philadelphia and
Vicinity**

and the

**P.D.C.A. of Northeast Pa.**

and the

**P.D.C.A. of Harrisburg**

and the

**Keystone Contractors Association**

and

**All Independent Employers and Associations**

**Starting, May 1, 2017 (Painters)
Starting, May 1, 2015 (Drywall, Glaziers & Upstate)**

**See Duration clause, Article 27, for EXPIRATION DATES**

1



## TABLE OF CONTENTS

| | | |
|---|---|---|
| Article | 1 | Recognition |
| Article | 2 | Union Security |
| Article | 3 | Check-off Administrative Dues |
| Article | 4 | Function of Management |
| Article | 5 | Contract Increases & Territories |
| Article | 6 | DC Representative |
| Article | 7 | General Work Conditions |
| Article | 8 | Picketing |
| Article | 9 | Subletting of Contract |
| Article | 10 | Preservation of Work |
| Article | 11 | Grievance & Arbitration |
| Article | 12 | Security of Funds |
| Article | 13 | Various Funds |
| Article | 14 | Pinpointing Funds |
| Article | 15 | Industry Advancement Funds |
| Article | 16 | DC #21 Apprenticeship |
| Article | 17 | State Safety Code Compliance |
| Article | 18 | Compensation Insurance Coverage Work Injury |
| Article | 19 | Acts, Relations, Rulings, Legal Jurisdiction |
| Article | 20 | Promotion for Better Journeypersons & Industries |
| Article | 21 | More Favorable Terms |
| Article | 22 | Drug & Alcohol Policy |
| Article | 23 | Specific Provisions & conditions For All Crafts by Zones, Painter, Wallcoverers Zone 1 & 5 |
| Article | 24 | Specific Provisions & conditions For All Crafts by Zones, Painters, Wallcoverers & Drywall Finishers Zones 2, 3 & 4 |
| Article | 25 | Specific Provisions & conditions For All Crafts by Zones Drywall Finishers, Zones 1 & 5 |
| Article | 26 | Specific Provisions & conditions For All Crafts by Zones Glaziers, Zones 1 through 6 with zones 2, 3 & 4 in a separate book |
| Exhibit A | | SIZE SCHEDULE |
| Article | 27 | Duration |

2

## Articles of Agreement

This Agreement is made and entered into this first (1st) day of May 1, 2017 between the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY  AND entered into this first day of May 1, 2015 between the INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG AND KEYSTONE CONTRACTORS ASSOCIATION, hereinafter called the "EMPLOYER", and DISTRICT COUNCIL # 21 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO-CLC, OF EASTERN PENNSYLVANIA, SOUTHERN NEW JERSEY, AND THE STATE OF DELAWARE, HEREAFTER called the "COUNCIL".

**Now, Therefore, This Agreement Witnesseth:**

## ARTICLE 1

## Recognition

1.1     **Recognition:**
The Union recognizes the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY,  P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS & ASSOCIATIONS as the exclusive collective bargaining representative and agent under the terms of this Agreement for all of its present and future members. THE ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY,  ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS and any other Association this Union may recognize, do recognize the COUNCIL as the bargaining representative of the

3

Painters, Decorators, Wallcoverers, Drywall Finishers, Glaziers, and Apprentice EMPLOYEES of the EMPLOYERS.

1.2   **NLRB Status:**

Inasmuch as the Union has demanded recognition from the EMPLOYER as the exclusive bargaining representative of the EMPLOYEES in the bargaining unit described herein under Section 9(a) of the National Labor Relation Act, and has submitted proof thereof in the form of signed and dated authorization cards, and the EMPLOYER is satisfied that the Union represents a majority of its EMPLOYEES in the bargaining units described herein, the EMPLOYER hereby recognizes the Union as the exclusive collective bargaining representative of its EMPLOYEES on all present and future job sites within the jurisdiction of the Union, unless and until such time as the Union loses its status as the EMPLOYEES' exclusive representative as a result of an NLRB election requested by the EMPLOYEES. The EMPLOYER agrees that during the life of this Agreement it will not request a NLRB election and expressly waives any right it may have to do so.

## ARTICLE 2

### <u>Union Security Clause</u>

2.1   **Membership:**

It is agreed that after the EMPLOYEE, who by the nature of his work comes within the provisions of this Agreement and who shall have worked for any EMPLOYER for not less than seven (7) days, such EMPLOYEE shall be required to then become and remain a member of the Union in good standing, and the Union shall make membership therein continuously available to such EMPLOYEE on the same terms and conditions as are generally applicable to the other members of the Union.

2.2   **Discharge of EMPLOYEE:**

Any EMPLOYEE who fails or refuses to become a member of the Union after seven (7) days from the date of commencement of work with any EMPLOYER shall, upon written notice from the Union, be discharged by his current EMPLOYER.

4

ALL Glazing EMPLOYERS are required to put a bond in the following manner: 1 to 15 EMPLOYEES shall be $30,000.00, 16 to 35 EMPLOYEES shall be $40,000.00 and over 35 EMPLOYEES $50,000.00.  In lieu of a bond, a letter of credit in said amount is acceptable.

12.3    For All EMPLOYERS, in lieu of a minimum bond or letter of credit, the EMPLOYER eligible for the minimum coverage must deposit the sum of $ 1,000.00 Per Man Per Week, by certified check to be held in escrow by the Fund Office, until such time the EMPLOYER shall produce a bond based on the above scale, or no longer employs District Council # 21 members.

12.3.1  EMPLOYERS working under these circumstances may be required by the Union to pay fringe benefits and deductions on a weekly basis.

12.4    Vacation Fund escrow will also be retained (per Article 13.4.1)

## ARTICLE 13

### Various Funds

13.1    **Health & Welfare Funds:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Welfare Fund. The Trust Agreement provides, *inter alia,* for the receipt of contributions by the Welfare Fund for the purpose of providing group health, medical surgical disability and other related welfare benefits to eligible workers and their families, in such form and amounts as the Trustees of the Welfare Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Welfare Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.2    **The I.U.P.A.T. Union and Industry Pension Fund and Annuity:**

13.2.1  The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments

18

thereto, governing establishment and operation of the I.U.P.A.T. Union and Industry National Pension Fund ("Pension Fund"). The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. Union and Industry National Pension Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. Union and Industry National Pension Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Pension Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.2.2    Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

13.2.3    The payments to the Pension and Annuity Fund required above shall be made to the I.U.P.A.T. Union and Industry National Pension Fund which was established under an Agreement and Declaration of Trust dated April 1, 1967.

13.2.4    The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

13.2.5    All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Pension Fund.

13.2.6    If an EMPLOYER fails to make contributions to the Pension Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages

19

as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**13.2.7**  The Pension Plan adopted by the Trustees of the Pension Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Pension Fund as a deduction for income tax purposes.

**13.2.8**  Funds are paid to the Painters District Council 21 of Northeastern Pennsylvania Health & Welfare Fund for the members covered by Article 24 (L.U. 41, L.U. 218, L.U. 1269)

**13.3**  **The I.U.P.A.T. District Council 21 Annuity Fund:**

**13.3.1**  The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Annuity Fund. The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. District Council 21 Annuity Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. District Council 21 Annuity Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Annuity Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.3.2**  Contributions shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.3.3**  The payments to the Annuity Funds required above shall be made to the I.U.P.A.T. District Council 21 Annuity Fund which was established under an Agreement and Declaration of Trust dated June 1, 1972.

20

**13.3.4**   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

**13.3.5**   All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Annuity Fund.

**13.3.6**   If an EMPLOYER fails to make contributions to the Annuity Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**13.3.7**   The Annuity Plan adopted by the Trustees of the Annuity Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Annuity Fund as a deduction for income tax purposes.

**13.3.8**   Funds are paid to the Painters District Council 21 of Northeastern Pennsylvania Annuity Fund for the members covered by Article 24 (L.U. 2018, L.U. 1269).

**13.4**   **Vacation Fund:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration or Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Vacation Fund. The Agreement provides, *inter alia,* for the receipt of contributions by the Vacation Fund for the purpose of providing vacation benefits to eligible workers and their families, in such

21

form and amounts as the Trustees of the Vacation Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Vacation Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.4.1**   A certified check for no less than Five Hundred Dollars ($500.00) and no more than Two Thousand Five Hundred Dollars ($2,500.00) shall be deposited with the Administrator of the Vacation Fund by each EMPLOYER. The Board of Trustees of the Vacation Fund shall determine the amount due from each EMPLOYER, predicated on the basis of one-twelfth (1/12) of the yearly amount of funds submitted by the EMPLOYER to the Vacation Fund in the preceding year. In addition to any other remedies available to the Vacation Fund as set forth is this Article, an EMPLOYER who is delinquent in submitting contributions to the Vacation Fund shall have the delinquent monies withdrawn from its certified check, and will be required to resubmit a new check in full covering this delinquency.

**13.5**   **Training and Education Fund:**
The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Fund (hereinafter referred to as The FTI Fund). The Trust Agreement provides, *inter alia,* for the receipt of contributions by the FTI Fund for the purpose of establishing and administering a Training Program as the Trustees of the FTI Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the FTI Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.6**   **National Apprenticeship Fund:** The EMPLOYER agrees to contribute the sum of five cents ($.10) per hour for each hour for which an EMPLOYEE receives pay to the National Apprenticeship Fund. Trustees of said Fund shall remit said sum to the National Painting and Decorating and Drywall Apprenticeship and Manpower Training Fund at such regular periods of time, and in the manner and form as shall be

22

determined by the Trustees of the National Apprenticeship Fund from time to time.

**13.7      The District Council 21 Scholarship Fund:**

**13.7.1**  The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the District Council 21 Scholarship Fund ("Scholarship Fund"). The Trust Agreement provides *inter alia*, for the receipt of remittance by the Scholarship Fund for the purpose of providing educational relief to eligible workers and their families, in such form and amounts as the Trustees of the Scholarship Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to remit for each EMPLOYEE covered by this Agreement to the Scholarship Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.7.2**  Remittances shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.7.3**  The EMPLOYER further agrees to be bound by actions taken by the Scholarship Fund Trustees pursuant to the Agreement and Declaration of Trust.

**13.7.4**  All remittances shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of deductions and remittances to the Scholarship Fund.

**13.7.5**  If an EMPLOYER fails to make remittance to the Scholarship Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or

23

covered by any grievance or arbitration procedure or any "no strike' clause which may be provided or set forth elsewhere in this Agreement.

**13.8    Board of Trustees:**

As to each Fund referenced in Sections 13.1 through 13.15 of this Article, the EMPLOYER hereby irrevocably designates as its representatives on the Boards of Trustees such Trustees as are now serving, or will in the future serve, as EMPLOYER Trustees, together with their successors appointed and/or elected in accordance with provisions set forth in the Agreement and Declaration of Trust for each Fund. The EMPLOYER further agrees to be bound by all actions taken by the Trustees of each respective Fund pursuant to each such Agreement and Declaration of Trust, and to be further bound by any and all rules and regulations duly adopted by each Board of Trustees. The Welfare Fund, Vacation Fund and FTI Fund shall each be administered, pursuant to an Agreement and Declaration of Trust, by a Board of Trustees composed of an equal number of representatives selected by the AMPD, IFCA, and AGMA, and or other Associations that the Council may acknowledge, by its Board of Directors, and by District Council No. 21 in accordance with its Bylaws. A copy of the Trust Agreements, together with Amendments thereto, shall be made available upon request by the parties and shall be considered a part of this Agreement as if set forth herein at length. The said Trust Agreements and any Amendments thereto, shall provide for annual audits of each respective Fund. The payments by the EMPLOYERS of contributions to each respective Fund shall be made monthly, on or before a date and in a manner and form that shall be prescribed by the Trustees. Each EMPLOYER shall be bound to provide such information to each Fund as its Board of Trustees may require in order to verify the amount(s) of contributions due and owing by such EMPLOYER.

**13.9    Auditing of Books:**

Each or any of the Funds referenced in this Article may engage a certified public accounting firm to periodically audit the books and records of any contributing EMPLOYER (or contractors working in this area) for the purpose, of verifying contributions due and owing to the respective Fund and/or liabilities for contributions due and owing to such Fund. The EMPLOYER shall make available to any Fund auditor all books and records requested by the auditor and/or Board of Trustees, including, but not limited to; payroll, wage, general ledger, cash disbursement

24

records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose, of ascertaining and/or verifying payments and/or determining liabilities. Such records shall be made available to Fund auditors upon reasonable notice. In the event such audit shall disclose for any period a deficiency in the payment reported owed and/or paid to the Fund(s) of five percent (5%) or more of the amount that should have been paid for such period under this Agreement, the cost of the audit shall be borne by the EMPLOYER. A confirmation report from the Funds will be available annually upon request by any EMPLOYER pertaining to its payments into the Funds, Industry Advancement Program and Check-Off Administrative Dues.

13.10    The benefit programs adopted by each respective Board of Trustees shall be described in a Summary Plan Description (if one is required by law) and made available to all eligible participants of each Fund.

13.11    Each EMPLOYER agrees to furnish the Board of Trustees of each respective Fund with information necessary and appropriate to verify required contributions on reporting forms to be provided by each respective Fund. Such information shall be reported each month and shall include, but not be limited to, the names, classifications, Social Security numbers of the EMPLOYEES, and the number of hours worked by each EMPLOYEE during the period or periods for which the contributions are being made.

13.12    All EMPLOYERS from jurisdictions other than the jurisdiction of District Council No. 21 shall be subject to the above provisions contained in this Agreement and the gross payroll contributions when performing work within the geographical jurisdiction of District Council No. 21, including IAP contributions which shall be paid to the appropriate association representing that trade.

13.13    **Delinquencies/Collection Procedures/Rights and Remedies of the Union and Fringe Benefit Funds:** In addition to any rights, remedies or obligations set forth in this Agreement, each EMPLOYER shall have the obligations and the Union and each Fringe Benefit Fund shall have the rights and remedies set forth below:

25

**13.13.1**   All reports to the Union with respect to check-off and administrative dues, as well as amount due and owing must be filed with and paid to the Administrator of the Union and/or each respective Fund by the earlier of the thirtieth (30th) day or last calendar day of each month following the month in which the contributions and/or check-off became due and owing.

Liquidated Damages of Seven Hundred Fifty Dollars ($750.00) for failure to file a timely remittance report and not make a timely payment shall automatically be levied upon the delinquent EMPLOYER; Liquidated Damages of Five Hundred Dollar ($500.00) shall be levied on the delinquent EMPLOYER in circumstances where a report is submitted in a timely manner, but the EMPLOYER has failed to pay the appropriate contribution to the Union and/or Fund and interest shall start to accrue on the delinquent amount from the due date at the rate then charged by the IRS for delinquent taxes under Section 662(a) of the I.R.C., plus one (1) percentage point in excess of such rate.  Upon written petition and showing of need by an EMPLOYER who has had a collective bargaining agreement with District Council # 21 for at least two (2) years, a twenty (20) day extension for payment will be granted by the Business Manager / Secretary Treasurer. All liquidated damages paid pursuant to this Section shall be distributed pro rata to the Union (dues); the Association (IAP contributions) and the respective Funds based upon the amount of the delinquent obligation owed to each entity. Nothing contained herein shall be construed as a limitation on the right of any Fringe Benefit Fund to impose liquidated damages and/or costs of collection proceedings on a "delinquent" EMPLOYER in accordance with provisions set forth in ERISA or applicable law.

**13.13.2**   In the event the wage payments, Fringe Benefit (Fund) contributions, Union Administrative Dues (Check-off) or any other payments required by any provision in this Collective Bargaining Agreement are not transmitted to the EMPLOYEES, the Union or the appropriate EMPLOYEE Benefit Fund, as the case may be, in a timely manner, in accordance with provisions set forth herein, or in the event the reporting forms relating to Union assessments and/or EMPLOYEE Benefit Fund contributions are not submitted in a timely manner as provided herein, the EMPLOYER shall be considered as "delinquent." In addition to the liquidated damages set forth in (13.13.1) above, the "delinquent" EMPLOYER shall be obligated to pay any

26

assessments and/or interest on the debt that may be required under rules, regulations or procedures governing delinquent contributions established by the Trustees of the Various Fringe Benefit Funds identified in this labor contract and not inconsistent with this Agreement or as may otherwise be imposed by law. Each EMPLOYER shall be bound and governed by any rules, regulations or procedures adopted by any of the Boards of Trustees or any of the Fringe Benefit Funds to which contributions are due and owing under this Agreement. The rules, regulations or procedures adopted by the Trustees of the Various Fringe Benefit Funds may require payment by a delinquent EMPLOYER of liquidated damages, assessments, interest on the debt (in an amount determined by the Trustees or by applicable law) and shall also assess against a delinquent EMPLOYER audit fees incurred during the collection, including, but not limited to counsel fees and costs. Such charges and expenses shall be paid to that entity to whom such contributions and payments are owed. The Co-Chairman of the Joint Trade Board may require any "delinquent" EMPLOYER or any EMPLOYER who has demonstrated a pattern of delinquency to submit its contributions on a weekly basis, notwithstanding any provisions set forth in this labor Agreement. In addition, the Board of Trustees of the Various Fringe Benefit Funds are empowered to adopt rules and regulations requiring any "delinquent" EMPLOYER or any EMPLOYER that has demonstrated a pattern of delinquency to furnish to the Board of Trustees a bond or other appropriate surety in an amount sufficient to protect the respective Fund(s) from any financial loss that may result from future delinquencies by any EMPLOYER that is, or has been, delinquent in its obligations to the Fund. The amount of any such bond or other surety shall be in the sole discretion of the Board of Trustees, and the Board in determining the amount of any such bond, may consider the costs related to the collection of future delinquencies, as well as contribution amounts.

**13.13.3**   In addition to all other remedies available to the parties and/or the various Fringe Benefit Funds with respect to "delinquent" EMPLOYERS, the Union may treat any failure by an EMPLOYER to satisfy a delinquency as a breach of this Agreement. In such event, the Union may, in addition to any other remedy that may be available to it, and without being limited by any "no strike" obligation that may appear in this Agreement or be implicit in its terms, remove its members from

27

any job(s) of such delinquent EMPLOYER. A removal of manpower by the Union, pursuant to this provision, shall not be construed as a "termination" of this Agreement with respect to any affected EMPLOYER.

**13.14**    **The International Union of Painters and Allied Trades Labor-Management Cooperation Initiative**

**13.14.1**    Commencing with the 1st day of May 1997, and for the duration and any renewal of this Agreement, the EMPLOYER agrees to make payments to The International Union of Painters and Allied Trades Labor Management Cooperation Initiative ("Fund") for each EMPLOYEE covered by this Agreement, as follows:

**13.14.2**    For each hour or portion thereof, for which an EMPLOYEE receives pay, the EMPLOYER shall make the then current contribution of $.10 to the Fund.

**13.14.3**    For the purpose of this Article, each hour worked for, including hours attributable to show up time, and other hours for which pay is received by the EMPLOYEE in accordance with the Agreement, shall be counted as hours for which contributions are payable.

**13.14.4**    Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.14.5**    The EMPLOYER and Union signatory to this Agreement agrees to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

**13.15**    The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as EMPLOYER Trustees, together with their successors.

**13.16**    All contributions shall be made at such time and in such manner, as the Trustees require and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

**13.17**    If an EMPLOYER fails to make contributions to the Fund within twenty (20) days after the date required by the Trustees,

28

the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary not withstanding, and the EMPLOYER shall be liable for all costs of collection of the payments due together with attorney fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

## ARTICLE 14

## Pinpointing Funds

## Fund One

**Job Organization Program: Eligibility and Rules**
**Painters, Wallcoverers**

14.1    **Purpose:**
The EMPLOYER and District Council No. 21 agree to establish the District Council No. 21 "JOB ORGANIZATION PROGRAM" for the purpose of providing subsidies on specific jobs in order to enable contractors who are signatory to this Agreement to bid more competitively on certain projects in the marketplace. To implement the Jobs Organization Program ("JOP"), the EMLOYER and District Council No. 21 further agree as follows:

14.2    **Trust Fund:**
The EMPLOYER and District Council No. 21 shall establish a Trust Fund to be known as the "International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund."

14.3    **Purpose of Trust Fund:**
The purpose of the Jobs Organization Program Trust Fund shall be to provide, in accordance with the Jobs Organization Program Trust Agreement, financial subsidies for eligible contractors. The Jobs Organization Program Trust Fund shall be the sole and exclusive source of funding for all subsidies, expenses and other charges and liabilities incurred by operation of the Jobs

29

**DRYWALL FINSIHER**
**May 1, 2015 to April 30, 2018**

### Signature Page

In Witness whereof, the parties hereto, intending to be legally bound, have hereunto set their hands and seals the day and year and for and period extended by Article 27.5

From: _5/11/2017_     To: _4/30/2018_

I/We, the undersigned, an EMPLOYER in the Drywall Industry, have read the foregoing Agreement, am familiar with its provisions, accept and agree to be bound by all its terms and conditions. I also agree, with the signing of this Agreement, to provide to District Council No. 21 a complete list of all my journeypersons and apprentices whom I employ.

### Independent Employer or Association

**District Council # 21**
**International Union of Painters and Allied Trades**

BY _/s/_ _Joseph G Ashdale_
Joseph T. Ashdale
**Business Manager/Secretary Treasurer**

_Bethel Construction Group_
**Company**

BY _/s/_ _[signature]_
**Employer Representative or Independent Employer Association**

IUPAT DISTRICT COUNCIL No. 21
HEALTH AND WELFARE FUND

DELINQUENCY POLICY

Pursuant to Articles IV and VII of the Agreement and Declaration of Trust establishing the IUPAT District Council No. 21 Welfare Fund ("Fund"), the Trustees do hereby amend the Procedure for the Collection of Contributions Owed to the I.U.P.A.T. District Council No. 21 Welfare Fund by deleting that policy in its entirety and establishing the following policy, rules and regulations with respect to the collection of contributions from contributing employers to the Fund:

1.    It is the policy of the Trustees of the Fund to collect delinquent contributions in a reasonable, diligent and systematic manner. For the purposes of this agreement, a "delinquency" shall mean any unpaid fringe benefit obligation due by an employer to the Fund.

2.    (a)    All contributions and reports, except where a collective bargaining agreement requires otherwise or as provided in paragraph 2(c) of this policy, are due no later than the thirtieth (30th) day of each month (except February, in which case they are due on the last day of the month) following the month in which the contributing employer's relevant employees performed any work.

       (b)    If the due date is a Saturday, Sunday or a legal holiday, the contributions must be received by the next business day.

       (c)    Where, pursuant to the collective bargaining agreement, an employer is required to remit on a weekly basis, then reports and contributions are due no later than the Friday following the week in which work was performed.

Page 1 of 8


EXHIBIT
B

(d)     As set forth in paragraph 1, a contribution, required by a collective bargaining agreement, to the Fund will be considered delinquent if it is not received by the due date unless the Business Manager/Secretary Treasurer of the IUPAT District Council No. 21 ("hereinafter "Business Manager") grants a (20) twenty day extension of the due date pursuant to the terms, if any, provided in said collective bargaining agreement.

3.     Liquidated damages shall be assessed as follows:

(a) *Employers required to remit on a monthly basis*: If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $500.00 shall be automatically added to the amount owed by the employer for that month's contribution.  If neither a contribution report nor the contributions owed are received by the due date, liquidated damages of $750.00 shall be automatically added to the amount owed by the employer for that month's contribution.

(b)     *Employers required to remit on a weekly basis*: If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $115.38 shall be automatically added to the amount owed by the employer for that week's contribution. If neither a contribution report nor the contributions owed are received by the applicable due date, liquidated damages of $173.08 shall be automatically added to the amount owed by the employer for that week's contribution.

4.     In addition to the foregoing liquidated damages, if a contribution is not received by the due date, interest shall start to accrue on the delinquent amounts from the due date at the

rate then charged by the Internal Revenue Service for delinquent taxes under section 6621(n) of the Internal Revenue Code plus one (1) percentage point in excess of such rate.

5.      If the contribution is delinquent, the Trustees, through the Administrative Office of the Fund, will send a notice, as soon as is administratively feasible, to the last known address of said delinquent employer advising said employer that its contributions to the Fund are delinquent, that it owes liquidated damages, as set forth in Paragraph 3 above, on the principal balance outstanding at the time of the notice together with any interest that has accrued on the delinquent payment to date. The notice also shall advise said employer that the Fund will notify the bonding company and make a claim on any bond that has been posted in accordance with the employer's collective bargaining agreement. A copy of this notice shall be forwarded to the union and Fund counsel. Any defect, delay or failure in said notice will not relieve or mitigate the delinquent employer's obligations to the Fund.

6.      The Trustees hereby delegate the initial efforts to collect delinquent contributions to the Union Trustee co-Chair and the Employer Trustee co-Chair (the "co-Chairs") jointly. The co-Chairs are delegated the authority to waive liquidated damages and to enter into a payment plan for delinquent contributions. Any payment plan requiring more than three (3) months to pay the amount owed to the Fund will require, in addition to the bond required by the applicable collective bargaining agreement, that the delinquent employer provide a guarantee of the payment of monies owed to the Fund plus the payment of three (3) months contributions averaged over the past twelve (12) months. This guarantee will be accomplished through a combination of bonding, personal guarantees of the principals of the employer, and/or other security acceptable to the Fund. If the delinquent employer does not have a bond, in the amount

required by the relevant collective bargaining agreement, posted with the Fund, regardless of the length of time in the payment plan, said guarantee will cover the amount owed to the Fund plus six (6) months of contributions averaged over the past twelve (12) months.

7.     Should the delinquent contributions, interest, and liquidated damages not be received within 15 (fifteen) days after the sending of notice referenced in Paragraph 5 above, the delinquency shall be referred to Fund counsel to initiate litigation at any time.  Unless such is waived by the Co-Chairs, the first step in such action will be for counsel to make a written demand to the last known address of said employer for payment and to provide notice of impending legal action. Any defect, delay or failure in said demand will not relieve or mitigate the delinquent employer's obligations to the Fund. In the event a complaint is filed, the delinquent employer shall pay, in addition to the delinquent amount due and interest thereon, liquidated damages, any audit fees and expenses, reasonable attorney fees, court costs and other expenses incurred.  If a bond has been posted, the fund will notify the bonding company and make a claim on the bond.  In the event that the delinquency is referred to counsel for litigation, liquidated damages in the amount of twenty percent (20%) of the principal amount due shall be added in addition to the liquidated damages set forth in paragraph 3 above.

8.     In the case of a delinquency arising as a result of an audit, the delinquent amount will accrue interest from the due date of the contribution.  The interest rate shall be the rate charged at the time of the audit by the Internal Revenue Service for delinquent taxes in accordance with Sec 6621(a) of the Internal Revenue Code applicable to the period of delinquency plus one percentage point in excess of such rate.

9.     Upon completion of an audit, the Trustees through the Administrative Office of the Fund will notify the delinquent employer in writing of the delinquent amount and the interest charges.  If such delinquent contributions and interest are not paid within fifteen (15) days after the date of the written notice, the matter shall be referred to counsel for collections.  If a lawsuit is initiated to collect the delinquent contributions, in addition to any amount owed the Fund, the Fund may impose liquidated damages of twenty percent (20%) of the delinquent amount owed as well as court costs and attorneys' fees.  In addition, where an audit discloses a delinquency of five percent (5%) or more of the amount otherwise due for the audited period, the employer will be responsible for the costs of the audit which amount shall be in addition to any other sums due under this policy.

10.     The Board of Trustees shall have the exclusive authority (with exceptions set forth in paragraph 6 and listed below) to compromise, settle or abandon a claim or delinquency if the cost and expenses which would be involved in the filing of a complaint and in proceeding with litigation would exceed the amount for the delinquency due, or if there are other good and sufficient reasons, such as the remote likelihood of collection established on a case by case basis, for compromising a claim.  Between regularly scheduled meetings of the Trustees, the co-Chairs of the Board of Trustees shall have, in consultation with the Administrative Office of the Fund and delinquency counsel for the Fund, the authority to approve and implement the recommendation of delinquency counsel to compromise settle or abandon a claim.

11.     The Trustees will request that each of the other Trust Funds which require employer contributions pursuant to a collective bargaining agreement with District Council 21 (hereinafter, "Other Trust Fund(s)") delegate delinquency collections to the Trustees of this

Health & Welfare Fund and, if such is delegated to said Trustees, said Trustees will act as fiduciaries to such Other Trust Fund(s) in delinquency matters. If such is delegated, this policy will apply to said Other Trust Fund(s) and the Trustees of the Health & Welfare Fund will meet to handle delinquency matters at the end of the Health and Welfare Fund Meeting, will prepare separate Minutes covering delinquency matters, and will provide a copy of said Minutes to the Other Trust Fund(s) which have delegated delinquency collections to the Trustees of this Health & Welfare Fund. The Trustees of the Health & Welfare Fund will have the right to decline and/or to terminate said delegation of authority. The Trustees of the Other Trust Funds will have the right, at any time, to withdraw and/or revoke, in whole or in part, said delegation of authority.

    12.    (a)    A "Shortfall" exists when an employer is delinquent in the making of its payments, when an employer remits less than the full amount due as required under its collective bargaining agreement with the Union, or when litigation or other collection procedures result in the receipt of less than all monies due.

    (b)    Shortfalls shall first be first allocated to any fund or Union which receives post-tax contributions (including, but not limited to, Vacation Fund contributions, union dues, political action contributions) on a *pro rata* basis. Thereafter, all remaining monies shall be allocated *pro-rata* to each of the employee benefit plans for which contributions are required under the terms of an employer's collective bargaining agreement based on the contribution amounts set forth in the labor agreement and shall be applied each month to the contributions designated by the employer for that month. Subsequent receipts for said month will be credited in the same manner.

Page 6 of 8

MANAGEMENT TRUSTEES          UNION TRUSTEES

Michael Thurman

Dated: _11-17-14_



Novak | Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

October 22, 2018

Mr. Bruce Patterson
Bethel Construction, LLC
169 W. Wyoming Avenue
Philadelphia, PA 19140

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and**
    **I.U.P.A.T. Industry Pension Funds**

Dear Mr. Patterson:

Enclosed, please find copies of our payroll compliance review report detailing, by month, the
discrepancies we noted during our recent review of your payroll.

We ask that you review this detail and advise us of any adjustments or challenges to our findings.
If we have not heard from you within ten business days from the date of this letter, we will
submit our report to the Fund Administrator.

If there are any questions concerning the payroll compliance review, please feel free to contact
our Philadelphia office.

We wish to take this opportunity to thank you for your cooperation during the review process.

Sincerely,

MARTA COOPER

ENCLOSURES



NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

## REPORT

EMPLOYER:          Bethel Construction Group, LLC.

ADDRESS:           169 W. Wyoming Avenue, Philadelphia, PA  19140

DATE PAYROLL REVIEW COMPLETED:  October 8, 2018

REVIEW PERIOD:    May 1, 2017 through September 30, 2018

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:       Mr. Bruce Patterson

LOCATION OF EXAMINATION:   Same as Above

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:     No      If yes, is there a Participation agreement?

Owner/Operator:                    No      If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

    A - The employer did not report all hours/wages when paying contributions.
    B - Contributions are due for all employees performing covered work.

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 695 | Killingworth, Connecticut 06419 | 860.663.1150
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



Novak | Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

**District Council 21 Employee Benefit Funds**

### PAYROLL COMPLIANCE REVIEW

### SUMMARY

EMPLOYER:        Bethel Construction Group, LLC.

REVIEW PERIOD:   May 1, 2017 through September 30, 2018

| | | 2017 | | 2018 | | TOTAL |
|---|---|---|---|---|---|---|
| Health & Welfare | $ | 572.16 | $ | 4,608.95 | $ | 5,181.11 |
| Annuity Fund | | 270.72 | | 1,587.04 | | 1,857.76 |
| Job Recovery | | 48.00 | | - | | 48.00 |
| Apprentice DC21 | | 54.24 | | 438.52 | | 492.76 |
| Industry Advancement | | 9.60 | | 76.60 | | 86.20 |
| Vacation Fund | | 96.00 | | 766.00 | | 862.00 |
| Scholarship Fund | | 4.80 | | 38.30 | | 43.10 |
| Benevolent Fund | | 1.44 | | 11.49 | | 12.93 |
| HRA Fund | | 14.40 | | 114.90 | | 129.30 |
| DC21 LMF | | - | | 26.81 | | 26.81 |
| Drywall Finisher Target Fund | | 67.68 | | 438.51 | | 506.19 |
| Organizing Fund | | 2.40 | | 26.81 | | 29.21 |
| PAC Fund | | 14.40 | | 114.90 | | 129.30 |
| Dues / hour | | 45.60 | | 342.48 | | 388.08 |
| Dues % of Wages | | 64.06 | | 470.95 | | 535.01 |
| **TOTAL CONTRIB. DUE:** | $ | 1,265.50 | $ | 9,062.26 | $ | 10,327.76 |
| Interest | | 92.20 | | 274.10 | | 366.30 |
| *Liquidated Damages** | | 253.10 | | 1,812.45 | | 2,065.55 |
| Cost of Audit | | | | | | 923.14 |
| **TOTAL AMOUNT DUE:** | | | | | $ | 13,682.75 |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578

District Council 21 Employee Benefit Funds

EMPLOYER: Babel Construction Group, LLC.
ADDRESS: 169 W. Wyoming Avenue, Philadelphia, PA 19140
CONTACT: Mr. Bruce Patterson
PHONE NUMBER: (215) 767-1799

REVIEW PERIOD: May 1, 2017 through September 30, 2018
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
A - The employer did not report all hours/wages when paying contributions
B - Contributions are due for all employees performing covered work

2017

| Name | SS Number | RFD | RATE/HR | HOURS/WAGES | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Marquez, Richard | 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 | B | | | | | | | | | | | | | | | |
| | | | | TOTAL HOURS | | | | | | | | | 48.00 | | | | 48.00 |
| | | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,850.24 | $ - | $ - | $ - | $ 1,850.24 |

Contributions Due for Journeymen Tapers - Philadelphia

Amount Due

| FUNDS | RATES: $11/16 | $11/17 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $11.57 | $11.92 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 572.16 | $ - | $ - | $ - | $ 572.16 |
| ANNUITY FUND | $ per hour | $5.64 | $5.64 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 270.72 | $ - | $ - | $ - | $ 270.72 |
| IUPAT PENSION | $ per hour | $1.60 | $1.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 48.00 | $ - | $ - | $ - | $ 48.00 |
| APPRENTICE FUND | $ per hour | $1.13 | $1.13 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 54.24 | $ - | $ - | $ - | $ 54.24 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 9.60 | $ - | $ - | $ - | $ 9.60 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 96.00 | $ - | $ - | $ - | $ 96.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.80 | $ - | $ - | $ - | $ 4.80 |
| IUPAT POLITICAL FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.44 | $ - | $ - | $ - | $ 1.44 |
| HRA FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 14.40 | $ - | $ - | $ - | $ 14.40 |
| DW FINISHES LMCI | $ per hour | $1.41 | $1.41 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 67.68 | $ - | $ - | $ - | $ 67.68 |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.40 | $ - | $ - | $ - | $ 2.40 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 14.40 | $ - | $ - | $ - | $ 14.40 |
| ADMIN DUES (HOUR) | $ per hour | $0.95 | $0.95 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 45.60 | $ - | $ - | $ - | $ 45.60 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 64.06 | $ - | $ - | $ - | $ 64.06 |
| | | TOTAL AMOUNT | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,265.50 | $ - | $ - | $ - | $ 1,265.50 |

District Council 21 Employee Benefit Funds

EMPLOYER: Hertel Construction Group, LLC
ADDRESS: 1691 N. Wynnwood Avenue, Philadelphia, PA 19140
CONTACT: Mr. Bruce Fetterman
PHONE NUMBER: (215) 765-1799

REVIEW PERIOD: May 1, 2017 through September 30, 2018
AUDITOR: Mara Cooper

Reason For Deficiency (RFD):
A - The employer did not report all hours/wages when paying contributions.
B - Contributions are due for all employees performing covered work.

Contributions Due for Journeymen Tapers - Philadelphia

| Name | SS Number | RFD | | HOURS/WAGES | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|------|-----------|-----|---|-------------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| McHugh, John | 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 | A | HOURS | | | | | | | 16.00 | 64.00 | 142.00 | 89.00 | | | | 311.00 |
| | | B | WAGES | | | | | | | 628.32 | 2,513.28 | 5,576.34 | 3,495.03 | | | | 12,212.97 |

Amount Due

| FUNDS | RATES | | 2018 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|-------|-------|---|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| | | $7.42 | $7.98 | | | | | | | | | | | | | |
| HEALTH & WELFARE | $ per hour | $11.92 | $12.23 | | | | | | $ 196.00 | $ 784.00 | $ 1,739.50 | $ 1,090.25 | | | | $ 3,859.75 |
| ANNUITY FUND | $ per hour | $5.64 | $4.64 | | | | | | $ 74.24 | $ 296.96 | $ 658.88 | $ 413.96 | | | | $ 1,443.64 |
| AGED RECOVERY | $ per hour | $1.00 | $0.00 | | | | | | | | | | | | | |
| APPRENTICE DC21 | $ per hour | $1.17 | $1.16 | | | | | | $ 18.56 | $ 74.24 | $ 164.72 | $ 103.24 | | | | $ 360.76 |
| INDUSTRY FUND | $ per hour | $0.70 | $0.20 | | | | | | $ 3.20 | $ 12.80 | $ 28.40 | $ 17.80 | | | | $ 62.20 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | | | | | | $ 32.00 | $ 128.00 | $ 284.00 | $ 178.00 | | | | $ 622.00 |
| BURG. & MARKETING FUND | $ per hour | $0.10 | $0.10 | | | | | | $ 1.60 | $ 6.40 | $ 14.20 | $ 8.90 | | | | $ 31.10 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | | | | | | $ 0.48 | $ 1.92 | $ 4.26 | $ 2.67 | | | | $ 9.33 |
| ERA FUND | $ per hour | $0.30 | $0.30 | | | | | | $ 4.80 | $ 19.20 | $ 42.60 | $ 26.70 | | | | $ 93.30 |
| DC21 IAP | $ per hour | $0.00 | $0.07 | | | | | | $ 1.12 | $ 4.45 | $ 9.94 | $ 6.23 | | | | $ 21.74 |
| DC21 PENSION FUND | $ per hour | $1.41 | $3.41 | | | | | | $ 22.56 | $ 90.24 | $ 200.22 | $ 125.49 | | | | $ 438.51 |
| ORGANIZING | $ per hour | $0.05 | $0.07 | | | | | | $ 1.12 | $ 4.45 | $ 9.94 | $ 6.23 | | | | $ 21.74 |
| PAC FUND | $ per hour | $0.30 | $0.30 | | | | | | $ 4.80 | $ 19.20 | $ 42.60 | $ 26.70 | | | | $ 93.30 |
| MACHINERY DUES CHECK-OFF | $ per hour | $0.94 | $0.96 | | | | | | $ 13.35 | $ 61.44 | $ 136.33 | $ 85.44 | | | | $ 296.56 |
| DUES CHECK-OFF | % of wages | 3.80% | 3.50% | | | | | | $ 31.55 | $ 87.96 | $ 195.17 | $ 122.33 | | | | $ 437.01 |
| **TOTAL AMOUNT** | | | | | | | | | $ 397.83 | $ 1,591.32 | $ 3,530.75 | $ 2,212.94 | | | | $ 7,733.84 |

District Council 21 Employee Benefit Funds

EMPLOYER: Bufad Construction Group, LLC.
ADDRESS: 169 W. Wyoming Avenue, Philadelphia, PA 19140
CONTACT: Mr. Bruce Peterson
PH NUMBER: (215) 927-1799

REVIEW PERIOD: May 1, 2017 through September 30, 2018
AUDITOR: Maria Casper

Reason For Deficiency (RFD):
A - The employer did not report all hours/wages when paying contributions
B - Contributions are due for all employees performing covered work.

2018

Contributions Due for Apprentice Tapers - Philadelphia

| Name | SS Number | RFD | HOURS / WAGES | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Harper III, James | 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 | B | HOURS | | | | | | | 72.00 | | | | | | | 72.00 |
| | | | WAGES | | | | | | | 1,262.72 | | | | | | | 1,262.72 |
| **FUNDS** | **RATES** | **$0.07** | **$11.08** | | | | | | | Amount Due | | | | | | | |
| HEALTH & WELFARE | $ per hour | $10.77 | $11.10 | $ | - | $ | - | $ | - | $ | 799.20 | $ | - | $ | - | $ | 799.20 |
| ANNUITY FUND | $ per hour | $1.59 | $2.00 | $ | - | $ | - | $ | - | $ | 144.00 | $ | - | $ | - | $ | 144.00 |
| JOB RECOVERY | $ per hour | $0.50 | $0.00 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| APPRENTICE FUND | $ per hour | $1.00 | $1.08 | $ | - | $ | - | $ | - | $ | 77.76 | $ | - | $ | - | $ | 77.76 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ | - | $ | - | $ | - | $ | 14.40 | $ | - | $ | - | $ | 14.40 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ | - | $ | - | $ | - | $ | 144.00 | $ | - | $ | - | $ | 144.00 |
| LECAC-BMPP FUND | $ per hour | $0.10 | $0.10 | $ | - | $ | - | $ | - | $ | 7.20 | $ | - | $ | - | $ | 7.20 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ | - | $ | - | $ | - | $ | 2.16 | $ | - | $ | - | $ | 2.16 |
| PEG FUND | $ per hour | $0.30 | $0.30 | $ | - | $ | - | $ | - | $ | 21.60 | $ | - | $ | - | $ | 21.60 |
| POLITICAL | $ per hour | $0.00 | $0.07 | $ | - | $ | - | $ | - | $ | 5.04 | $ | - | $ | - | $ | 5.04 |
| LW PENSION (PABF) | $ per hour | $0.00 | $0.07 | $ | - | $ | - | $ | - | $ | 5.04 | $ | - | $ | - | $ | 5.04 |
| ORGANIZING | $ per hour | $0.25 | $0.07 | $ | - | $ | - | $ | - | $ | 5.04 | $ | - | $ | - | $ | 5.04 |
| IPAC FUND | $ per hour | $0.30 | $0.30 | $ | - | $ | - | $ | - | $ | 21.60 | $ | - | $ | - | $ | 21.60 |
| LOCAL DUES/HOUR | $ per hour | $0.58 | $0.58 | $ | - | $ | - | $ | - | $ | 41.90 | $ | - | $ | - | $ | 41.90 |
| DUES CHECK-OFF | % of wages | 3.50% | 3.50% | $ | - | $ | - | $ | - | $ | 42.50 | $ | - | $ | - | $ | 42.50 |
| | | TOTAL AMOUNT | | $ | - | $ | - | $ | - | $ | 1,239.42 | $ | - | $ | - | $ | 1,339.42 |



Novak|Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

October 22, 2018

Mr. Bruce Patterson
Bethel Construction, LLC
169 W. Wyoming Avenue
Philadelphia, PA 19140

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and
I.U.P.A.T. Industry Pension Funds**

Dear Mr. Patterson:

Enclosed, please find copies of our payroll compliance review report detailing, by month, the discrepancies we noted during our recent review of your payroll.

We ask that you review this detail and advise us of any adjustments or challenges to our findings. If we have not heard from you within ten business days from the date of this letter, we will submit our report to the Fund Administrator.

If there are any questions concerning the payroll compliance review, please feel free to contact our Philadelphia office.

We wish to take this opportunity to thank you for your cooperation during the review process.

Sincerely,

MARTA COOPER

ENCLOSURES



NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.9262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*
SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA 19102
TEL (215) 732-0101   FAX (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
NICHOLAS J. BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON†
SARAH LEAH TARLOW*
CHRISTOPHER G. CASSIE*

PA BAR EXCEPT:
† NJ BAR
* PA & NJ BAR
◊ PA, NJ & DC BAR

NJ OFFICE
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

LEONARD SPEAR
1923 – 2003

LOUIS H. WILDERMAN
1909 - 1993



January 16, 2019

*Via Certified RRR & First-Class Mail*

Bethel Construction, LLC
Attn: Bruce Patterson
169 W. Wyoming Avenue
Philadelphia, PA 19140

> **RE:   IUPAT District Council No. 21 of Philadelphia Employee Benefit Funds ("Funds") - Delinquent Contributions – <u>First Notice</u>**

Dear Sir:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that payment has yet to be made by Bethel Construction, LLC ("Company") on the accrued interest and liquidated damages resulting from failure to timely submit remittance reports and/or full contributions for work performed during the periods of August 2017 through September 2018. While the Funds acknowledge payment of the principal amount owed, a total of **$5,561.17** remains due for accrued interest in the amount of $311.17 and liquidated damages in the amount of $5,250.00.

Additionally, the Funds conducted a payroll audit of the Company, covering the period of May 1, 2017 through September 30, 2018.  The audit determined that the Company owes the Funds a total of **$13,853.37**, consisting of unpaid fringe benefit contributions in the amount of $10,327.76, interest through the present in the amount of $536.92, liquidated damages in the amount of $2,065.55, and cost the of audit in the amount of $923.14.  A copy of the audit is attached to this letter.

Together, the Company owes the Funds the total sum of <u>$19,414.54</u>.



EXHIBIT
E

Bethel Construction, LLC
January 16, 2019
Page 2

The Company's failure to remit the reports and/or contributions when due constitutes a violation of both the collective bargaining agreement and federal law. The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of all delinquent amounts owed. Accordingly, please be advised that legal action may be taken unless this matter is resolved within **ten (10) business days** from the date of this demand letter. *Should the Company fail to cure these delinquencies and the Funds be required to file a complaint against the Company, the Company shall be responsible to the Funds for additional liquidated damages in the amount of $2,065.55 plus attorney's fees and costs associated with the filing.* We urge the Company to take immediate action and correct these concerns by providing payment of delinquency arrearages to the Funds for the total amount owed of **$19,414.54**.

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

Martin W. Milz, Esquire
Syretta J. Martin, Esquire

Enclosure
cc:     Brian Smith, Delinquency Controller (via e-mail)



Novak|Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

October 22, 2018

Mr. Bruce Patterson
Bethel Construction, LLC
169 W. Wyoming Avenue
Philadelphia, PA 19140

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and
I.U.P.A.T. Industry Pension Funds**

Dear Mr. Patterson:

Enclosed, please find copies of our payroll compliance review report detailing, by month, the discrepancies we noted during our recent review of your payroll.

We ask that you review this detail and advise us of any adjustments or challenges to our findings. If we have not heard from you within ten business days from the date of this letter, we will submit our report to the Fund Administrator.

If there are any questions concerning the payroll compliance review, please feel free to contact our Philadelphia office.

We wish to take this opportunity to thank you for your cooperation during the review process.

Sincerely,

MARTA COOPER

ENCLOSURES

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



**District Council 21 Employee Benefit Funds**

<u>**PAYROLL COMPLIANCE REVIEW**</u>

<u>**REPORT**</u>

EMPLOYER:          Bethel Construction Group, LLC.

ADDRESS:           169 W. Wyoming Avenue, Philadelphia, PA  19140

DATE PAYROLL REVIEW COMPLETED:   October 8, 2018

REVIEW PERIOD:    May 1, 2017 through September 30, 2018

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:        Mr. Bruce Patterson

LOCATION OF EXAMINATION:   Same as Above

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:     No       If yes, is there a Participation agreement?

Owner/Operator:                    No       If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

   A - The employer did not report all hours/wages when paying contributions.
   B - Contributions are due for all employees performing covered work.

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbis, MD 21046 | 443.832.4009
CONNECTICUT | 235 Route 80, P.O. Box 695 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



**Novak | Francella**
LLC | CERTIFIED PUBLIC ACCOUNTANTS

District Council 21 Employee Benefit Funds

## PAYROLL COMPLIANCE REVIEW

### SUMMARY

EMPLOYER:        Bethel Construction Group, LLC.

REVIEW PERIOD:   May 1, 2017 through September 30, 2018

|  | | 2017 | | 2018 | | TOTAL |
|---|---|---|---|---|---|---|
| Health & Welfare | $ | 572.16 | $ | 4,608.95 | $ | 5,181.11 |
| Annuity Fund | | 270.72 | | 1,587.04 | | 1,857.76 |
| Job Recovery | | 48.00 | | - | | 48.00 |
| Apprentice DC21 | | 54.24 | | 438.52 | | 492.76 |
| Industry Advancement | | 9.60 | | 76.60 | | 86.20 |
| Vacation Fund | | 96.00 | | 766.00 | | 862.00 |
| Scholarship Fund | | 4.80 | | 38.30 | | 43.10 |
| Benevolent Fund | | 1.44 | | 11.49 | | 12.93 |
| HRA Fund | | 14.40 | | 114.90 | | 129.30 |
| DC21 LMF | | - | | 26.81 | | 26.81 |
| Drywall Finisher Target Fund | | 67.68 | | 438.51 | | 506.19 |
| Organizing Fund | | 2.40 | | 26.81 | | 29.21 |
| PAC Fund | | 14.40 | | 114.90 | | 129.30 |
| Dues / hour | | 45.60 | | 342.48 | | 388.08 |
| Dues % of Wages | | 64.06 | | 470.95 | | 535.01 |
| **TOTAL CONTRIB. DUE:** | $ | 1,265.50 | $ | 9,062.26 | $ | 10,327.76 |
| Interest | | 92.20 | | 274.10 | | 366.30 |
| *Liquidated Damages** | | 253.10 | | 1,812.45 | | 2,065.55 |
| Cost of Audit | | | | | | 923.14 |
| **TOTAL AMOUNT DUE:** | | | | | $ | 13,682.75 |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578

District Council 21 Employee Benefit Funds

EMPLOYER:  Bethel Construction Group, LLC.
ADDRESS:   169 W. Wyoming Avenue, Philadelphia, PA 19140
CONTACT:   Mr. Bruce Patterson
PH NUMBER: (215) 767-1795

REVIEW PERIOD:  May 1, 2017 through September 30, 2018
AUDITOR:  Maria Cooper

Reason For Deficiency (RFD):
A – The employer did not report all hours/wages when paying contributions.
B – Contributions are due for all employees performing covered work.

2017

| Name | SS Number | RFD | B | HOURS | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|------|-----------|-----|---|-------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| Medrano, Richard | 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 | | B | HOURS | | | | | | | | | 48.00 | | | | 48.00 |
| | | | | TOTAL HOURS | | | | | | | | | 48.00 | | | | 48.00 |
| | | | | WAGES | | | | | | | | | 1,530.24 | | | | 1,530.24 |
| | | | | TOTAL WAGES | $ | $ | $ | $ | $ | $ | $ | $ | $ 1,530.24 | | | | $ 1,530.24 |

Contributions Due for Journeymen Tapers - Philadelphia

Amount Due

| BENEFIT FUNDS: | RATES: | $7/16 | $7/17 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|----------------|--------|-------|-------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| HEALTH & WELFARE | $ per hour | $11.57 | $11.57 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 572.16 | $ • | $ • | $ • | $ 572.16 |
| ANNUITY FUND | $ per hour | $5.64 | $5.64 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 270.72 | $ • | $ • | $ • | $ 270.72 |
| JOB RECOVERY | $ per hour | $1.00 | $1.00 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 48.00 | $ • | $ • | $ • | $ 48.00 |
| APPRENTICE DC21 | $ per hour | $1.11 | $1.13 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 54.24 | $ • | $ • | $ • | $ 54.24 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 9.60 | $ • | $ • | $ • | $ 9.60 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 96.00 | $ • | $ • | $ • | $ 96.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 4.80 | $ • | $ • | $ • | $ 4.80 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 1.44 | $ • | $ • | $ • | $ 1.44 |
| HEAL FUND | $ per hour | $0.00 | $0.30 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 14.40 | $ • | $ • | $ • | $ 14.40 |
| LMFC FUND | $ per hour | $1.41 | $1.41 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 67.68 | $ • | $ • | $ • | $ 67.68 |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 2.40 | $ • | $ • | $ • | $ 2.40 |
| PAC FUND | $ per hour | $0.10 | $0.10 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 4.80 | $ • | $ • | $ • | $ 4.80 |
| ADMIN DUES (HOUR) | $ per hour | $0.55 | $0.55 | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 45.60 | $ • | $ • | $ • | $ 45.60 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 64.02 | $ • | $ • | $ • | $ 64.02 |
| | | | TOTAL AMOUNT | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ • | $ 1,265.50 | $ • | $ • | $ • | $ 1,265.50 |

District Council 21 Employee Benefit Funds

2018

EMPLOYER: Bridel Contruction Group, LLC.
ADDRESS: Wyoming Avenue, Philadelphia, PA 19140
CONTACT: Mr. Brian Peterson
PH.NUMBER: (215) 763-1799

REVIEW PERIOD: May 1, 2017 through September 30, 2018
AUDITOR: Meda Cooper

Reason For Deficiency (RFD):
A - The employer did not report all hours/wages when paying contributions.
B - Contributions are due for all employees performing covered work.

| Name | SS Number | FED | | |
|---|---|---|---|---|
| | | A | B | |
| M.Hugh, James | 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 | HOURS | HOURS | |
| | | WAGES | WAGES | |
| | | TOTAL WAGES | TOTAL HOURS | |

## Contributions Due for Journeymen Tapers - Philadelphia

### Amount Due

| FUNDS | RATES | TOTAL WAGES | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $11.92 / $12.23 per hour | | | | | | | 196.00 | 784.00 | 1,759.50 | 1,090.25 | | | | 2,638.75 |
| ANNUITY 401(k) | $3.64 per hour | | | | | | | 74.24 | 296.96 | 653.58 | 412.56 | | | | 1,445.34 |
| PG DEDUCTIONS | $1.00 per hour | | | | | | | | | | | | | | |
| APPRENTICESHIP | $1.13 per hour | | | | | | | 18.55 | 74.24 | 164.72 | 103.54 | | | | 360.76 |
| INDUSTRY FUND | $0.70 per hour | | | | | | | 3.50 | 28.40 | 17.80 | | | | | 92.53 |
| VACATION FUND | $5.05 per hour | | | | | | | 33.00 | 132.00 | 294.00 | 178.00 | | | | 632.00 |
| SCHOLARSHIP FUND | $0.10 per hour | | | | | | | 1.80 | 6.40 | 14.20 | 8.00 | | | | 31.00 |
| BENEVOLENT FUND | $0.03 per hour | | | | | | | 2.41 | 1.92 | 4.26 | 2.67 | | | | 9.26 |
| HRA - PLEDGE | $0.50 per hour | | | | | | | 4.82 | 19.22 | 42.60 | 26.70 | | | | 93.34 |
| PAC IAAF | $0.00 per hour | | | | | | | 1.92 | 6.48 | 9.94 | 6.23 | | | | 31.77 |
| DW FINISHER LS-852 | $3.41 per hour | | | | | | | 22.56 | 90.24 | 200.31 | 125.63 | | | | 438.51 |
| ORGANIZING | $0.05 per hour | | | | | | | 1.12 | 7.92 | 9.94 | 6.23 | | | | 21.22 |
| PW FUND | $0.70 per hour | | | | | | | 4.82 | 19.30 | 42.60 | 26.70 | | | | 92.90 |
| UNION DUES - HOURS | $5.95 per hour | | | | | | | 23.50 | 44.44 | 131.32 | 83.46 | | | | 205.74 |
| DUES CHECK-OFF | 2.50% of wages | | | | | | | 19.97 | 37.96 | 103.17 | 123.53 | | | | 627.40 |
| TOTAL AMOUNT | | | | | | | | 397.83 | 1,591.32 | 3,530.75 | 2,212.94 | | | | 7,732.84 |

TOTAL HOURS: 16.00 / 64.00 / 142.00 / 89.00 — 311.00

TOTAL WAGES: 628.32 / 2,513.28 / 5,576.34 / 3,495.03 — 12,212.97

District Council 21 Employee Benefit Funds

EMPLOYER: Bralid Construction Group, LLC.
EMPLOYER ADDRESS: 169 W. Wyoming Avenue, Philadelphia, PA 19140
CONTACT: Mr. Brent Peterson
PH NUMBER: (215) 767-1799

REVIEW PERIOD: May 1, 2017 through September 30, 2018
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
A - The employer did not report all hours/wages when reporting contributions.
B - Contributions are due for all employees performing covered work.

2018

**Contributions Due for Apprentice Tapers - Philadelphia**

| Name | SS Number | RFD | HOURS/WAGES | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Taper III, James | 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 | B | TOTAL HOURS | | | | | | 72.00 | | | | | | | 72.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ 1,262.72 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,262.72 |

| FUNDS | RATES | SHIP/SHARE | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.77 | $11.10 | $ - | $ - | $ - | $ - | $ - | $ 799.20 | $ - | $ - | $ - | $ - | $ - | $ - | 799.20 |
| ANNUITY FUND | $ per hour | $1.19 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ 144.30 | $ - | $ - | $ - | $ - | $ - | $ - | 144.30 |
| ADD RECOVERY | $ per hour | $0.90 | $0.00 | $ - | $ - | $ - | $ - | $ - | - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| APPRENTICE | $ per hour | $1.06 | $1.08 | $ - | $ - | $ - | $ - | $ - | 77.76 | $ - | $ - | $ - | $ - | $ - | $ - | 77.76 |
| INDUSTRY FUND | $ per hour | $0.20 | $2.00 | $ - | $ - | $ - | $ - | $ - | 14.40 | $ - | $ - | $ - | $ - | $ - | $ - | 14.40 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | 161.02 | $ - | $ - | $ - | $ - | $ - | $ - | 161.02 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $2.10 | $ - | $ - | $ - | $ - | $ - | 72.00 | $ - | $ - | $ - | $ - | $ - | $ - | 72.00 |
| BENEVOLENT FUND | $ per hour | $0.10 | $0.05 | $ - | $ - | $ - | $ - | $ - | 21.16 | $ - | $ - | $ - | $ - | $ - | $ - | 21.16 |
| LECET LMF | $ per hour | $0.03 | $0.05 | $ - | $ - | $ - | $ - | $ - | 21.60 | $ - | $ - | $ - | $ - | $ - | $ - | 21.60 |
| DW FINISHER TAXES | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | 5.04 | $ - | $ - | $ - | $ - | $ - | $ - | 5.04 |
| ORGANIZING | $ per hour | $0.03 | $0.07 | $ - | $ - | $ - | $ - | $ - | 21.60 | $ - | $ - | $ - | $ - | $ - | $ - | 21.60 |
| PAC FUND | $ per hour | $0.30 | $0.01 | $ - | $ - | $ - | $ - | $ - | 1.94 | $ - | $ - | $ - | $ - | $ - | $ - | 1.94 |
| LDF FUND | $ per hour | $0.30 | $0.51 | $ - | $ - | $ - | $ - | $ - | 43.92 | $ - | $ - | $ - | $ - | $ - | $ - | 43.92 |
| LIQ DAMAGES 1 HOUR | $ per hour | $0.59 | $0.51 | $ - | $ - | $ - | $ - | $ - | 40.50 | $ - | $ - | $ - | $ - | $ - | $ - | 40.50 |
| DUES CHECK OFF | % of wages | 3.95% | 3.95% | $ - | $ - | $ - | $ - | $ - | | $ - | $ - | $ - | $ - | $ - | $ - | |
| **TOTAL AMOUNT** | | | | $ - | $ - | $ - | $ - | $ - | $ 1,239.42 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,239.42 |

Amount Due